IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHNATHAN LEE X SMITH, *et al.*,

    Plaintiffs,

v.                                                         Civil Action No. **3:12CV739**

J. EVERETT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

The Court received a 42 U.S.C. § 1983[1] complaint from Virginia inmates Johnathan Lee X Smith ("Mr. Smith"),[2] Raheem S. Al-Azim, Charles X, Victor X, Cedrick X, and Trible X ("Plaintiffs"). Plaintiffs assert, *inter alia*, that Defendants have violated Plaintiffs' right to the free exercise of their religion. Al-Azim, Charles X, Victor X, Cedrick X, and Trible X purport to "confer upon [Mr. Smith] the power to pursue the instant claims for Plaintiffs unless and until this Court decides to request a lawyer to assist them with this action." (Compl. 17.) Plaintiffs request leave to proceed *in forma pauperis*. For the reasons that follow, Mr. Smith will be dismissed as a party to the present action.

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Although Mr. Smith omitted his last name from his current submissions, for ease of reference the Court employs that name when referring to Mr. Smith.

# I. Rules Pertaining to Joinder

Persons may join in one action as plaintiffs if:

**(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
**(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). The Court exercises its discretion to permit joinder in accordance with the purpose of the Rule "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). Thus, the Court appropriately denies joinder "'if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay.'" *Id.* (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)).

In order to monitor and curb Mr. Smith's abusive litigation, the Court subjected all of Mr. Smith's litigation to a pre-filing injunction. *See In re Johnathan Lee X. Smith*, 3:96mc06 (E.D. Va. Mar. 13, 1996). A copy of the Memorandum Opinion and Order setting forth the pre-filing injunction is attached hereto. The injunction provides that "[a]bsent a bona fide emergency, Mr. Smith may not maintain more than one action at a time in this court." *Id.* ¶ 1. The injunction further provides that Mr. Smith must attach to each complaint a separate document entitled "motion for leave to file and certificate of compliance." *Id.* ¶ 2 (internal quotation marks omitted). In the motion for leave to file and certificate of compliance, among other requirement, Mr. Smith must:

> ii) identify by style, date filed and current status, all cases filed by him or in which he has been a plaintiff within the one year period preceding the filing of the certificate as well as the court in which the actions were filed;

iii) certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions;

*Id.* The Court warned Mr. Smith that failure to comply strictly with the above requirements would result in denial of the motion for leave to file. *Id.* ¶ 3.

## II. Analysis

At the time the Court received the present action from Mr. Smith, Mr. Smith already had another action pending before this Court, *X v. U.S. Congress*, No. 3:12cv45 (E.D. Va.). Additionally, Mr. Smith did not submit a "motion for leave to file and certificate of compliance" in conjunction with the present action. Finally, Mr. Smith fails to demonstrate entitlement to proceed *in forma pauperis* in the current action because he has three strikes under 28 U.S.C. § 1915(g)[3] and he is not in imminent danger of serious physical harm. *See Smith v. Dillman*, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322826, at *1 (W.D. Va. Jan. 31, 2011) (recognizing that Mr. Smith has three strikes under 28 U.S.C. § 1915(g)). Given these difficulties and the inherent problems in allowing joint prisoner litigation, *see Hagan v. Rogers*, 570 F.3d 146, 162–63 (3d Cir. 2009) (Jordan, J., concurring in part and dissenting in part), permitting joinder of Mr. Smith in this instance will not expedite the final determination of the parties' disputes and will likely prejudice the other plaintiffs. Accordingly, Mr. Smith will be DISMISSED as a party to

---

[3] That statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

3

this action. The Court will proceed to process the requests by the remaining Plaintiffs to proceed *in forma pauperis*. The request of Plaintiffs to have Mr. Smith represent them will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 6-24-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge