IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
OCT 21 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

RAHEEM S. AL-AZIM, *et al.*,

    Plaintiffs,

v.                                                             Civil Action No. **3:12CV739**

J. EVERETT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

The Court received a 42 U.S.C. § 1983[1] complaint from Virginia inmates Johnathan Lee X Smith ("Mr. Smith"),[2] Raheem S. Al-Azim, Charles X, Victor X, Cedrick X, and Trible X. By Memorandum Opinion and Order entered on June 24, 2013, the Court dismissed Mr. Smith as a party to the present action. (ECF Nos. 7–8.) On July 1, 2013, the Court dismissed Trible X as a party to the action pursuant to a request by Trible X. (ECF No. 9.)

By Memorandum Order entered on July 24, 2013, the Court processed the request to proceed *in forma pauperis* by the remaining plaintiffs. At that time, the Court directed each plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned each plaintiff that a failure to comply with the above

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Although Mr. Smith omitted his last name from his current submissions, for ease of reference the Court employs that name when referring to Mr. Smith.

directive within thirty (30) days of the date of entry thereof would result in summary dismissal of the action. More than thirty (30) days have elapsed since the entry of the July 24, 2013 Memorandum Order and the Court has not received a consent to collection of fees form from Cedrick X. Accordingly, Cedrick X will be DISMISSED as a party to the present action.

Al-Azim, Charles X, and Victor X (collectively "Plaintiffs") have submitted the initial information necessary to process their requests to proceed *in forma pauperis*. Nevertheless, review of Plaintiffs' inmate account information reflects that they are not entitled to proceed *in forma pauperis* in conjunction with the $350.00 filing fee. Subsequent to the entry of the July 24, 2013 Memorandum Order, Plaintiffs had over $1800.00 in their prison accounts.[3] *See Nur v. Blake Development Co.*, 664 F. Supp. 430, 431 (N.D. Ind. 1987) (concluding courts must use the aggregate of plaintiffs' funds in deciding whether to grant leave to proceed *in forma pauperis*); *Colon v. Seigenthaler*, No. 85–7129, 1986 WL 3110, at *1 (E.D. Pa. Mar. 12, 1986) ("It would be inappropriate to order the costs of the suit dropped where the plaintiffs are apparently properly joined, and at least one of them is clearly able to pay." (citing *Ward v. Werner*, 61 F.R.D. 639, 640–41 (M.D. Pa. 1974))). Given the fact that Plaintiffs currently have more than five times the amount of the filing fee in their accounts and no fixed monthly expenses, their requests to proceed *in forma pauperis* (ECF Nos. 3–5) will be DENIED. *Buerger v. Niehaus*, No. 85-3475, 1985 WL 13763, at *1 (6th Cir. Sept. 19, 1985) (citing cases for the proposition that "courts will refuse to grant pauper status to prisoners bringing civil actions where they have adequate money in their prison accounts to pay the filing fees"). Plaintiffs will be DIRECTED

---

[3] As of August 5, 2013, Al-Azim had $940.40 in his prison account. (ECF No. 19, at 1.) As of July 31, 2013, Charles X had $219.07 in his prison account. (ECF No. 20, at 1.) As of July 31, 2013, Victor X had $670.50 in his prison account. (ECF No. 22, at 1.)

to submit the full $350.00 filing fee within fifteen (15) days of the date of entry hereof. Failure to submit the full filing fee within that period will result in the dismissal of the present action.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 10-17-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge