IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAHEEM S. AL-AZIM, *et al.*,

    Plaintiffs,

v.                                                  Civil Action No. **3:12CV739**

J. EVERETT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

The Court received a 42 U.S.C. § 1983[1] complaint from Virginia inmates Johnathan Lee X Smith ("Mr. Smith"),[2] Raheem S. Al-Azim, Charles X, Victor X, Cedrick X, and Trible X.[3] By Memorandum Opinion and Order entered on October 21, 2013, the Court denied the requests of Al-Azim, Charles X, and Victor X (hereinafter "Plaintiffs") to proceed *in forma pauperis* and directed Plaintiffs to submit the $350.00 filing fee within fifteen (15) days of the date of entry thereof. Thereafter, by Memorandum Order entered on January 3, 2014, the Court granted Plaintiffs an extension of fifteen (15) days from the date of entry thereof to submit the full filing

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Although Mr. Smith omitted his last name from his current submissions, for ease of reference the Court employs that name when referring to Mr. Smith.

[3] By Memorandum Opinion and Order entered on June 24, 2013, the Court dismissed Mr. Smith as a party to the present action. (ECF Nos. 7–8.) On July 1, 2013, the Court dismissed Trible X as a party to the action pursuant to a request for that action by Trible X. (ECF No. 9.) By Memorandum Opinion and Order entered on October 21, 2013, the Court dismissed Cedric X as a party to the action. (ECF No. 25–26.)

fee. More than fifteen (15) days elapsed after the entry of the January 3, 2014 Memorandum Order and Plaintiffs had not submitted the full filing fee.[4] Accordingly, by Memorandum Opinion and Order on January 31, 2014, the Court dismissed the action without prejudice and returned the checks the Court had received to Victor X and Al-Azim.

On February 6, 2014, the Court received a money order from Victor X for $117.00 and a letter motion from Victor X wherein he asks the "Court to accept this late $117.00 because [he] wrote the wrong address on the letter and envelop[e] when [he] mailed the money the first time." (ECF No. 36, at 1.) Essentially, Victor X asks this Court for relief under Federal Rule of Civil Procedure 59(e).[5]

Thereafter, on March 5, 2014, the Court received a "MOTION TO REINSTATE COMPLAINT/ALTERNATIVELY MOTION TO REIMBURSE $350.00 FILING FEE" ("Motion to Reinstate," ECF Nos. 39–40) signed by Plaintiffs. Plaintiffs explain that they attempted to pay the filing fee in a timely manner, but due to delays by prison officials in issuing the money orders and their own errors in addressing the envelope for Victor X's money order for $117.00, they were frustrated in doing so. (Mot. Reinstate 1–3.)

The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account

---

[4] On January 16, 2014, the Court received a check for $116.00 from Victor X. On January 24, 2014, the Court received a $117.00 check from Al-Azim. The Court received no check from Charles X.

[5] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Apparently, Plaintiffs seek relief on the grounds that reinstatement of the action is necessary prevent a manifest injustice. Plaintiffs fail to demonstrate that is so. First, Plaintiffs bear some responsibility for the late payment of the fee as they sent Victor X's $117.00 money order to the wrong address. *Cf. In re Loper*, 447 B.R. 466, 467 & 470 n.2 (D.S.C. Apr. 7, 2011) (refusing to grant relief under Rule 59(e) to reinstate debtor's bankruptcy action which had been dismissed because debtor's attorney inadvertently mailed debtor's back payments to the wrong address). Second, since the dismissal of the action, Plaintiffs have not resubmitted the previously returned money orders in order for the action to be refiled. And, finally, because the Court dismissed the action without prejudice, Plaintiffs remain free to refile the action. Accordingly, the Rule 59(e) Motion (ECF No. 36) will be DENIED. Plaintiffs' Motion to Reinstate (ECF Nos. 39–40) will be GRANTED IN PART AND DENIED PART. The Court will DENY Plaintiffs' request to reinstate the Complaint (ECF No. 39). The Court will GRANT Plaintiffs' request to reimburse them for the filing fee (ECF No. 40) in that the Clerk will be DIRECTED to return the $117.00 money order submitted by Victor X.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4-22-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge